IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CORNELIUS WEBSTER,        )
                             )
        Plaintiff,          )
                             )
     v.                )     CIVIL ACTION NO. 2:20-CV-361-RAH
                             )
ROBERT HENLINE, et al.,     )
                             )
        Defendants.    )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Cornelius Webster, a *pro se* inmate, initiated the instant 42 U.S.C. § 1983 action challenging the constitutionality of conditions at the Elmore County Jail.  Doc. 1.  The court entered orders upon the initiation of this case granting Webster leave to proceed *in forma pauperis*  in this case and requiring that he file an amended complaint.  Docs. 4 & 5.  The Clerk mailed copies of these orders to Webster at the last address he provided for service.[1]   The postal service, however, returned these orders as undeliverable because Webster no longer resided at this address.

Based on the foregoing, the court entered an order noting Webster's failure to provide a current address and requiring "that on or before June 21, 2020 the plaintiff shall file with the court a current address and show cause why this case should not be dismissed for his failure to adequately prosecute this action."  Doc. 6 at 1.  The court "specifically cautioned [Webster] that if he fails to respond to this order the Magistrate Judge will

---

[1]The last address provided by Webster is the Elmore County Jail.

recommend that this case be dismissed due to his failure to keep the court apprised of his current address and because, in the absence of such, this case cannot proceed before this court in an appropriate manner." Doc. 6 at 1–2. On June 26, 2020, the court entered an order allowing Webster an extension until July 8, 2020 to provide the court with his current address and again cautioned Webster that his failure to do so would result in a recommendation "that this case be dismissed for such failure." Doc. 10 at 1. As of the present date, Webster has failed to provide the court with his current address. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After such review, the court finds that dismissal of this case is the proper course of action at this time. Initially, the court notes that Webster is an indigent individual and the imposition of monetary or other punitive sanctions against him would be ineffectual. It likewise appears that since his release from the Elmore County Jail Webster is simply no longer interested in the prosecution of this case. Thus, the court finds that any additional effort to secure his compliance would be unavailing and a waste of this court's scarce resources. Finally, this case cannot properly proceed when Webster's whereabouts are unknown.

Accordingly, the court concludes that Webster's failure to inform the court of a current address as is required to adequately prosecute this action warrants dismissal of this case. The authority of courts to impose sanctions for failure to prosecute is longstanding

and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).  This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice."  *Id*.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **August 7, 2020** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district

court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 24th day of July, 2020.


                 /s/  Charles S. Coody
                 UNITED STATES MAGISTRATE JUDGE